UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                            2:06-cr-81-FtM-29DNF

FREDERICK HUNTER and MICHAEL
MITCHELL

_____

**OPINION AND ORDER**

On October 26, 2006, United States Magistrate Judge Douglas N. Frazier submitted a Report and Recommendation (Doc. #44) to the Court recommending that Defendant's Motion to Suppress (Doc. #25) be denied. The Motion to Suppress was adopted by co-defendant Michael Mitchell (Doc. #35). Both defendants filed objections. (Docs. #49, 57.)

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which

specific objection has been made by a party." <u>Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga.</u>, 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. <u>See</u> <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994).

## II.

The traffic stop in this case was made because the window tinting on the vehicle was too dark under Florida law. Neither defendant objects to the magistrate judge's finding that the officer had probable cause to stop the vehicle based upon his observations concerning the window tinting. The Court agrees, and finds that the stop of the vehicle was lawful. <u>E.g.</u>, <u>United States v. Weaver</u>, 145 Fed. Appx. 639 (11th Cir. 2005).

While the traffic stop was lawful, both defendants contend that the resulting detention was too long and therefore the evidence must be suppressed. The Report and Recommendation appears to find that the traffic stop portion of the detention was indeed too long, but that reasonable suspicion had developed which justified any additional delay. (Doc. #44, p. 13.) Defendants dispute the existence of such reasonable suspicion.

The Court finds that the traffic stop was not too long. The traffic stop in this case began shortly after 4:15 p.m.; the back-up K-9 officer arrived at 4:38 p.m., and the drugs were found in

the vehicle shortly thereafter. Trooper Gideons' interactions with the driver and the passenger are set forth in the Report and Recommendation and were proper traffic stop conduct. While the Report and Recommendation states that Trooper Gideons verified the passenger's criminal history at 4:26 p.m., the transcript of the dispatch log establishes that Trooper Gideons was still asking for information as to the passenger at 4:34 and 4:35 p.m. (Defendant's Exh. I.) The Court finds that the traffic stop was not complete at 4:26 p.m., but rather was ongoing until at least a few minutes after 4:35 p.m. Trooper Gideons finished writing the citations when the K-9 officer arrived at 4:38 p.m. (Doc. #39, p. 24.) The Court concludes that the traffic stop was not unreasonably prolonged, and therefore was not unlawful in length. United States v. Purcell, 236 F.3d 1274, 1277-79 (11th Cir. 2001). To the extent that the Report and Recommendation finds otherwise, the Court declines to adopt that portion.

Alternatively, the Court does agree that the officer developed reasonable suspicion, and that the added duration of the stop (even as found in the Report and Recommendation) was not excessive. From almost the very beginning of the stop, the conduct and responses of the driver and passenger warranted an objectively reasonable law enforcement officer to believe there may be criminal activity afoot. "Once the Trooper developed this reasonable suspicion, he had a duty to investigate more." United States v. Hernandez, 418 F.3d 1206, 1211 (11th Cir. 2005), cert. denied, 127 S. Ct. 303

(2006). The Court therefore adopts this portion of the Report and Recommendation.

Accordingly, it is now

**ORDERED**:

1. The Magistrate Judge's Report and Recommendation (Doc. #44) is **accepted and adopted** except to the extent described above, the remainder of which is specifically incorporated into this Opinion and Order.

2. Defendant's Motion to Suppress (Doc. #25), as adopted by defendant Michael Mitchell, is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of December, 2006.

_____
JOHN E. STEELE
United States District Judge

Copies:
Hon. Douglas N. Frazier
Counsel of Record
DCCD