UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:06-cr-81-FtM-29DNF

FREDERICK HUNTER
_____

**ORDER**

    This matter comes before the Court on defendant's Motion for Clarification and Removal of U.S. Marshall Detainer (Doc. #126) filed on August 16, 2012.  The Government's Response (Doc. #128) was filed on August 30, 2012.

    A federal Indictment (Doc. #1) was filed against defendant Frederick Hunter (defendant) on July 5, 2006.  Defendant had an initial appearance before a federal magistrate judge on July 13, 2006, and was released upon certain conditions (Docs. ## 5, 6, 9, 10).  Defendant entered a plea of guilty on February 9, 2007, which was accepted on February 9, 2007 (Docs. #100, 101, 102).  Defendant remained on release pending sentencing, but was arrested on a state homicide charge prior to the federal sentencing hearing.  On May 3, 2007, the United States filed a petition for a Writ of Habeas Corpus Ad Prosequendum (Doc. #107) in order to obtain defendant's presence for the sentencing hearing.  On the same date, a Writ of Habeas Corpus Ad Prosequendum (Doc. #108) was issued.  Because defendant was in state custody on the homicide charge, his federal release order was revoked on May 4, 2007.  (Doc. #109.)  On July 9,

2007, a sentencing hearing was held and defendant was sentenced to 30 months imprisonment, followed by three years of supervised release. (Doc. #116.) Judgment was entered on July 11, 2007. (Doc. #118.) While the Presentence Report made reference to defendant's pending homicide charge, the Court did not consider that charge in determining the federal sentence, did not state whether the federal sentence was concurrent or consecutive to the potential future state sentence, and made no reference in the Judgment to the then-pending state homicide case. Defendant was returned to state custody pursuant to the Writ of Habeas Corpus Ad Prosequendum after imposition of the federal sentence. In June 2008, defendant entered pleas of no contest to the state charges and was sentenced to twenty (20) years in state prison to run concurrent with any previously imposed federal sentence. Defendant remains in state custody.

Defendant twice inquired about gain time or whether his federal sentence was concurrent with the state sentence (Docs. ## 121, 123), but the Court deferred to the Bureau of Prisons to determine gain time (Docs. ## 122, 124), directed that defendant be sent a copy of the Judgment, and advised defendant how to obtain a copy of the sentencing transcript (Doc. #124).

Defendant's current motion asserts that his federal sentence was concurrent with his state sentence, that because he has been in state custody for more than thirty months his federal sentence is

completed, and that the detainer lodged by the U.S. Marshal based upon the federal Judgment must be removed. Without opining on whether the federal sentence was concurrent with the state sentences, the government asks the Court to deny the motion. (Doc. #128, p. 3.)

A federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). As the Eleventh Circuit recently stated:

> However, when the federal government takes possession of a state prisoner pursuant to a writ of habeas corpus ad prosequendum, the state's custody is not interrupted, and thus the prisoner's federal sentence does not begin to run until he is turned over to federal authorities after having served his state sentence. See Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir. 1980) ("The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary . . . A writ of habeas corpus ad prosequendum is only a 'loan' of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction."); see also United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

Butler v. Warden, FCC Coleman-Medium, 451 F. App'x 811, 812 (11th Cir. 2011).

In this case, defendant was in state custody and was "borrowed" by the federal government for the imposition of the federal sentence. The federal court could have imposed its sentence to be served consecutively to any sentence to be imposed by the state court. Setser v. United States, 132 S. Ct. 1463 (2012). The federal court did not do so, and the federal Judgment is silent as to whether the sentence is to be concurrent or consecutive to the yet-to-be-imposed state sentence.

"[W]hen a federal sentencing court is silent on the matter, there is a statutory presumption that multiple sentences imposed at different times—even as between sentences imposed by state and federal courts—will run consecutively." Heddings v. Garcia, No. 11-1346, 2012 WL 3186477 (10th Cir. Aug. 7, 2012)(citing 18 U.S.C. § 3584(a)). In turn, the United States Attorney General, acting through the Bureau of Prisons, has "exclusive authority to determine when a federal sentence shall begin and where the federal sentence shall be served." Weekes v. Fleming, 301 F.3d 1175, 1179 (10th Cir. 2002); see also 18 U.S.C. § 3621(b). While the "conferral of authority on the Bureau of Prisons . . . does not [include] authority to choose between concurrent and consecutive sentences," Setser, 132 S. Ct. at 1470, the Bureau of Prisons may designate a state facility as the location for serving a federal sentence pursuant to 18 U.S.C. § 3621(b). Even though defendant is not yet in federal custody, he may request designation of the state

facility as the location for serving his federal sentence by sending a written request to:

              U.S. Department of Justice
              Federal Bureau of Prisons
   Designation and Sentence Computation Center
     U.S. Armed Forces Reserve Complex
        346 Marine Forces Drive
        Grand Prairie, Texas 75051

Unless such a determination is made by the Bureau of Prisons, the detainer cannot be removed.

Accordingly, it is now

**ORDERED**:

Defendant's Motion for Clarification and Removal of U.S. Marshall Detainer (Doc. #126) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of September, 2012.

                                          JOHN E. STEELE
                                          United States District Judge

Copies:
Counsel of Record
Frederick Hunter